## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Laundry and Dry Cleaner Suppliers

v.

Commercial Wholesale Laundry Co., Inc.

### April 3, 1969

By JUDGE A. CHRISTIAN COMPTON

This proceeding involves a determination of the scope of Code Section 8-435 which insofar as it is pertinent to the issues here provides in part as follows:

> To ascertain the personal estate on which a writ of fieri facias is a lien, and to ascertain any real estate, in or out of this state, to which the debtor named in a judgment and fieri facias is entitled, upon the application of the execution creditor, the Clerk of the court from which such fieri facias issued . . . shall issue a summons against the execution debtor, or <u>any officer of the corporation if such execution debtor be a corporation having an office in this State, or any debtor or bailee of the execution debtor</u>, requiring him to appear before . . . a commissioner in chancery named in the summons . . . to answer such interrogatories as shall be propounded to him . . . .
> The debtor or other person served with such summons shall appear at the time and place

mentioned and make answer to such interrogatories . . . . (emphasis supplied)

On March 11, 1969, the plaintiff obtained judgment upon an open account against the defendant corporation upon which judgment a writ of fieri facias was issued on March 12, 1969. On March 17, 1969, upon application by the judgment creditor, a summons was issued and served upon Messrs. Bazaco and Simopoulous directing them to appear to answer interrogatories on March 24, 1969, before a commissioner in chancery.

Appearance was made by or on behalf of the witnesses but the hearing was continued by the commissioner to a day certain. On March 25 the witnesses, by counsel, filed in this court a motion to quash the summons aforesaid and evidence was then taken upon such motion on March 28.

The account upon which the judgment is based covers a period from some date prior to December of 1966 through July 31, 1967. The witnesses are not presently officers (or directors) of the judgment debtor but served as officers from the time the corporation was formed in 1965 to "June or July of 1967." (They both served as directors until June of 1968 when they resigned.) The corporation has not been dissolved and presently has a set of officers.

Both men testified that they are not debtors of the judgment debtor nor are they bailees thereof.

At issue is whether these individuals may properly be compelled to appear and testify pursuant to Code Section 8-435, which provides for this proceeding which is one supplementary to execution.

In opposing the motion to quash, the judgment creditor argues that not only may the present officers of the judgment debtor be questioned under the statute but the former officers of the corporation may also be required to attend the commissioner's hearing to answer interrogatories. This position is not well taken. The statute is plain in its terms and speaks in

the present tense, that is, it refers to the current officers. A corporation has only one set of officers at any one time and a former officer does not qualify as one of those persons who are subject to interrogatories in this proceeding. When the statute is free from ambiguity, as this one is, the duty upon the court is to interpret the law as it is written. 17 M.J., Statutes, Sections 33 and 34. Were the court to interpret this statute to include prior officers of a corporate judgment debtor, it would be rewriting the statute which, of course, is not a judicial function but a legislative one.

The judgment creditor also takes the position that in spite of the denial under oath of these two men that they are neither debtors or bailees of the judgment debtor, it (the judgment creditor) may nevertheless inquire of them before the commissioner about facts which may tend to show that they are either debtors or bailees. The witnesses object to being compelled to answer any questions relating to these issues because they say there is a dispute as to any obligation they have to the judgment debtor and the judgment creditor is using this proceeding to obtain information to use against them in another court where they have been sued individually by this same judgment creditor for other amounts· due by this same corporate judgment debtor. The effect of what these witnesses contend is that the question of whether or not they are debtors and/or bailees of the judgment debtor should not be determined in this proceeding, but should be the subject of an independent action. This position of the witnesses is sound (counsel will note that the court's views have changed slightly from what they were at the conclusion of the hearing as the result of the research which has been made since that time).

The scope of these proceedings under the statute supplementary to the execution are restricted and entirely controlled by this statute. The section can not be used as a substitute for a bill of discovery and "it is by its terms limited to questions the object of which is to disclose the property of the

debtor which can be made subject to the execution or judgment by appropriate orders in that proceeding, to which the debtor and creditor are the sole parties, whose rights are directly involved." Thompson v. Commonwealth, 156 Va. 1032, 1038 (1931). In other words, collateral matters such as whether or not a third person not a party to the proceeding is in fact a debtor or bailee are not proper subjects of inquiry in a proceeding under this statute. In 33 C.J.S., Executions, Section 378(b) and (c), pp. 692, 693, ftns. 27, 31, 32, the rule as to the conduct and scope of this type of proceeding is well stated:

> An examination into the affairs of others than the judgment debtor should not be allowed merely on the hope that something may be brought out to enable the creditor to show a connection of the judgment debtor therewith or his interest in the subject matter of the particular questions. . . .

> In the absence of a statute otherwise providing, or of consent by the parties interested, in supplementary proceedings the court or referee is without jurisdiction to determine the existence of an indebtedness to the judgment debtor which is denied, or the title to property to which a substantial claim is made by third persons. However, this rule must be confined to third persons not parties to the original action, and against whom a trial of ownership in the summary proceeding would be without due process.

See also 30 Am. Jur. 2d. Executions, Section 791 to the same effect.

To summarize the discussion of the latter point, if the witness admits he is a debtor or bailee of the judgment debtor or if there is no dispute as to the matter, he may be required to answer interrogatories under Section 8-435. If there is a dispute over the indebtedness or alleged obligation of the witness to

the judgment debtor, the witness should not be required to try this issue in a proceeding supplemental to an action wherein he is not a party nor should he be subjected to an examination of his affairs as they relate to such alleged debt. It should be noted that the Virginia statutes relating to attachment and garnishment provide a method whereby a jury may be empanelled to try questions of disputed indebtedness. Code, Sections 8-447 and 8-553. No such due process is provided for in Section 8-435. See also 8 M.J., Executions, Section 69, et seq.

In view of what has been said above the motion to quash the summons in question is sustained. While the questions raised on the motion to quash should have been addressed to the commissioner in chancery for decision, in this case the court will not require the witnesses to again appear before the commissioner (the court indicated otherwise to counsel following the hearing) to give the same testimony again in order to receive the decision as set out herein.